# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **WATKINS RICHARDSON**, <br><br> Defendant. | Case No. 4:94-CR-15-004 |

## ORDER

Before the Court is Defendant Watkins Richardson's Motion for Reconsideration (Doc. 161) of the Court's August 17, 2015 Order (Doc. 159) denying his request for a sentence reduction. Having reviewed the Motion and the applicable law, Defendant's Motion is denied.

On August 15, 1994, Defendant pled guilty to one Count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). The Court then sentenced Defendant to serve 150 months in prison, followed by 5 years of supervised release. This sentence was based on a total offense level of 34 calculated under U.S.S.G. § 4B1.1 because Defendant qualified as a career offender. Based on a total offense level of 34 and a criminal history category of VI, Defendant's guideline range was 262 to 327 months in prison. Pursuant to U.S.S.G. § 5K1.1, the Court departed from the advisory guideline range to a sentence of 150 months, based

on an eight level reduction in the offense level. This reduction resulted in a guideline sentencing range of 120-150 months.

On July 21, 2015, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines (Doc. 157). The Court subsequently denied the motion on August 17, 2015 (Doc. 159).

In the instant Motion for Reconsideration, Defendant asserts that he is entitled to a sentence reduction based on Amendment 782, which provides a two-level reduction in the base level offenses for most drug offenses under U.S.S.G. § 2D1.1(c)'s Drug Quality Table. United States v. Thomas, 606 F. App'x 556 (11th Cir. 2015) (citing U.S.S.G. app. C, amend. 782 (2014)). As a general rule, "a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012). In this particular context, a defendant "whose sentence is based on the career offender guideline, U.S.S.G. § 4B1.1, not on the drug quantity tables, [U.S.S.G.] § 2D1.1, is ineligible for a sentence reduction under Amendment 782." United States v. Cleveland, No. 14-15296, 2015 WL 3650655, at *1 (11th Cir. June 15, 2015). A defendant sentenced as a career offender is ineligible for such a reduction because Amendment 782 does not affect the guideline range upon which his sentence was based. *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not

2

alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

This Court denied Defendant's previous motion to reduce his sentence pursuant to Amendment 782 because Defendant was sentenced pursuant to the career offender guideline, U.S.S.G. § 4B1.1, and not the drug offense guideline, U.S.S.G. § 2D1.1. Since Amendment 782 does not affect the sentencing range, Defendant is not entitled to a sentence reduction based on Amendment 782. Accordingly, Defendant's Motion for Reconsideration (Doc. 161) is denied.

**SO ORDERED**, this the 2nd day of September, 2015.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les